UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| SHARON A. JACKSON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. G-11-81 |
| | § | |
| HRA VILLAGE INC, | § | |
| | § | |
| Defendant. | § | |

**<u>MEMORANDUM AND ORDER</u>**

**I.**

Before the Court is the defendant's, HRA Village, Inc., motion for summary judgment (Doc. No. 14) and the plaintiff Sharon Jackson's response (Doc. No. 16). The Court has reviewed the defendant's motion, the plaintiff's response and, being fully apprised, determines that the defendant's motion should be granted.

**II.**

The plaintiff is a former employee of the defendant, an assisted living facility that provides residential housing for adults with mental or physical challenges. The plaintiff was first employed by the defendant on or about March 10, 2003, in the position of House Manager. In October of 2006, the defendant posted a notice of vacancy for the position of Executive Director. Thereafter, the plaintiff submitted her application on or about November 1, 2007. She was informed that the position required a person with a Master's Degree. At the time, the plaintiff had an Associate's Degree; however, she was not selected for the position and was terminated on or about December 30, 2009.

The plaintiff contends, however, that the position was filled by a white female with no college education. The plaintiff filed two charges of discrimination—one with the Equal

Employment Opportunity Commission in May of 2010, and the other with the Texas Workforce Commission, Civil Rights Division, on August 9, 2010. The Charges of Discrimination state that the plaintiff was discriminated against based on race and gender in that she was denied a promotion in 2006 and was wrongfully terminated in December of 2007. She also claims that she was the subject of retaliation in violation of the Civil Rights Act because she complained of discrimination.

The defendant contends that the plaintiff never submitted an application for the position of Executive Director. The defendant points to internal documents that show that selection for the position was made on October 25, 2006, effective November 1. In addition, the defendant asserts that the plaintiff was terminated on December 30, 2009, due to poor performance, unavailability when needed, and failure to be available for residents' outings. Finally, the defendant asserts, the plaintiff's Charges of Discrimination are untimely and, therefore, barred by the "300 day statute of limitations."

### III.

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. A fact is "material" if its resolution in favor of one party might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Id.* If the evidence rebutting the motion for summary judgment is only colorable or not significantly probative, summary judgment should be granted. *Id.* at 249-50; *see also Shields v. Twiss*, 389 F.3d 142, 149-50 (5th Cir. 2004).

Under Rule 56(c) of the Federal Rules of Civil Procedure, the moving party bears the initial burden of "informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue for trial." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 - 87 (1986); *Adams v. Travelers Indem. Co. of Connecticut,* 465 F.3d 156, 163 (5th Cir. 2006). Where the moving party has met its Rule 56(c) burden, the nonmovant must come forward with "specific facts showing that there is a *genuine issue for trial."* *Matsushita*, 475 U.S. at 586-87 (quoting Fed. R. Civ. P. 56(e)) (emphasis in original); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); and *Adams*, 465 F.3d at 164. To sustain the burden, the nonmoving party must produce evidence admissible at trial showing that reasonable minds could differ regarding a genuine issue of material fact. *Anderson*, 477 U.S. at 250-51; 255; *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998). In deciding a summary judgment motion, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson,* 477 U.S. at 255.

## IV.

The plaintiff claims that she was wrongfully passed over for a promotion in 2006 and wrongfully terminated in December of 2009. However, she did not file a Charge of Discrimination until May of 2010, almost four years after the alleged discriminatory act. Title VII requires that a charge of discrimination be filed within 180 days of the alleged discriminatory act. The plaintiff failed to comply with the statute's dictate and, hence, does not have a justiciable claim for failure to promote. *See* 42 U.S. C. § 2000(a)-5(e)(1).

In her response to the statute of limitations defense asserted by the defendant, the plaintiff argues that the "proper day to commence limitations is December 30, 2009, not November 1,

2006. In support of this argument, the plaintiff cites to *Steel Hill Development, Inc. v. The Town of Sanbornton*, 392 F. Supp. 1134 (D.N.H. 1974). However, the decision in *Steel Hill* does not support the plaintiff's position. There the issue was whether the plaintiff, having litigated its own claim(s), could then assert claims of a constitutional violation on behalf of perspective buyers of mobile homes where the position of the homes in relation to a septic tank disposal system on the tract violated a zoning ordinance. The plaintiff, in an earlier suit concerning a zoning amendment, had failed to have the ordinance set aside. In that circumstance, the court held that "a change in the material facts underlying a prior adjudication may well necessitate a redetermination of certain issues in light of changed circumstances." *Id*. at 1140. Nevertheless, the Court went on to apply collateral estoppel that barred relitigation of the previously tried issues. *Id.* at 1140-42.

In the case at bar, the plaintiff's injury, if any, must be traced to the date when the position was posted in 2006. The fact that the plaintiff first sought the Executive Director's position in October or December of 2009, does not mean that her alleged injury commenced at that time. Hence, a plaintiff cannot decide when an injury occurs.

The plaintiff's suit seeks to redress only her failure to promote claim. Although she stated in her Texas Workforce charge that she had been discriminated against based on race, sex and retaliation, she failed to state how her gender was used to discriminate against her. Moreover, the record shows that a female was selected for the position of Executive Director and has held that position since November 1, 2006.

Likewise, the plaintiff has failed to show or plead how she was retaliated against under the Civil Rights Act. In her charge, the plaintiff states that she was discriminated against, and presumably discharged, "for complaining of discrimination." Yet, the plaintiff does not state in

her suit what she complained about, when she complained, or how she connects her alleged complaints to her termination. The Court, therefore, assumes that the complaint was related to the defendant's failure to promote her.

Therefore, the Court determines that the plaintiff's race discrimination claim fails for the additional reason that her application for the Executive Director's position was filed more than a year after the position was filled. The plaintiff's petition asserts that she filed her application in November of 2007. This date is more than a year after the position was filled. However, even if this date is an error, in that the alleged application was submitted on November 1, 2006, that date, too, was after the position was filled.

Because the plaintiff's suit is untimely and unmeritorious, the defendant's motion for summary judgment should be, and it is hereby, GRANTED.

It is so ORDERED.

SIGNED at Houston, Texas this 27th day of February, 2012.

                                          Kenneth M. Hoyt
                                          United States District Judge